# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CHRISTINE DE LEVA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>LOWE'S COMPANIES, INC. and LOWE'S HOME CENTERS, LLC,<br><br>　　　　　Defendant. | Case No. 8:21-cv-01820-DKC |

## JOINT STATUS REPORT

Plaintiff Christine De Leva, proceeding *pro se*, and Defendants Lowe's Companies, Inc. and Lowe's Home Centers, LLC, by their undersigned counsel, and pursuant to the Court's October 18, 2021 Scheduling Order (Dkt. No. 19), provide a Joint Status Report.

### A.    Whether Discovery Has Been Completed.

Discovery is complete with the exception of additional responsive information to be produced by Plaintiff. Defendants have sought supplementation of various discovery deficiencies since December 2021. While some limited supplementation has been provided, significant deficiencies remain. Accordingly, Defendants will request a brief extension of discovery to conclude Plaintiff's deposition, which was held open pending receipt of information, and the dispositive motion deadline. Plaintiff opposes this request.

### B.    Whether Any Motions Are Pending.

Contemporaneously with this Report, Defendants are filing a Motion to Extend Discovery and the Dispositive Motion Deadline for the limited purpose of allowing Defendants to have the opportunity to conclude Plaintiff's deposition following Defendants' receipt of responsive information.

- 2 -

### C. **Whether Any Party Intends To File A Dispositive Pretrial Motion.**

Defendants intend to file a motion for summary judgment as to all of Plaintiff's claims on or before the current dispositive motion deadline of April 1, 2022, or on or before any extended deadline as may be granted by the Court.

### D. **Whether The Case Is To Be Tried Jury Or Non-Jury And The Anticipated Length Of Trial.**

Plaintiff has requested a jury trial. Defendants contend that Plaintiff's claims can be decided as a matter of law. Should a jury trial be necessary, Defendants believe that a trial is likely to last three (3) to four (4) days.

### E. **A Certification That The Parties Have Met To Conduct Serious Settlement Negotiations; And The Date, Time And Place Of The Meeting And The Names Of All Persons Participating Therein.**

Defense counsel repeatedly requested a settlement demand from Plaintiff during the time period that Ms. Correia represented her in this matter, but Plaintiff did not provide one. Defense counsel and Ms. Correia attempted to discuss settlement from the outset of the case, but the discussions were impeded by lack of a settlement demand. Plaintiff, proceeding pro se, finally made a settlement demand in mid-February 2022. Given the nature of this demand, it does not appear direct settlement discussions with Plaintiff will be productive, though the parties have agreed to mediate with Judge Sullivan.

### F. **Whether Each Party Believes It Would Be Helpful To Refer This Case To Another Judge Of This Court For A Settlement Or Other ADR Conference, Either Before Or After The Resolution Of Any Dispositive Pretrial Motion.**

Pursuant to a joint request by the parties, this matter was referred to Magistrate Judge Timothy J. Sullivan for a judicial settlement conference. On February 23, 2022, the Court appointed a pro bono attorney for Plaintiff, solely for purposes of representing Plaintiff at the

- 3 -

conference, and the parties await communications from the Court regarding scheduling of the conference.

> **G. Whether All Parties Consent, Pursuant to 28 U.S.C. § 636(c), To Have A U.S. Magistrate Judge Conduct All Further Proceedings In This Case, Either Before Or After The Resolution Of Any Dispositive Pretrial Motion, Including Trial (Jury Or Non-Jury) And Entry Of Final Judgment.**

All parties do not consent.

> **H. Any Other Matter Which You Believe Should Be Brought To The Court's Attention.**

Apart from the forthcoming motion referenced above, Defendants are not currently aware of any other matters which they believe should be brought to the Court's attention.

Date: March 2, 2022

By: *s/ Christine De Leva**  
   *signed with permission  
   *Pro Se* Plaintiff  
   deleva.christin@gmail.com  
   7417 Lake Katrine Terrace  
   Gaithersburg, MD 20879

By: *s/ Margaret M. Manos*  
   Raymond C. Baldwin  
   Bar No. 25449  
   rbaldwin@seyfarth.com  
   SEYFARTH SHAW LLP  
   975 F Street, NW  
   Washington, DC 20004  
   Telephone: (202) 463-2400  
   Facsimile: (202) 828-5393

   Margaret M. Manos (*Pro Hac Vice*)  
   North Carolina Bar No. 34837  
   mmanos@seyfarth.com  
   SEYFARTH SHAW LLP  
   121 W. Trade Street, Suite 2020  
   Charlotte, North Carolina 28202  
   Telephone: (704) 925-6030  
   Facsimile: (404) 724-1538  
   *Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 2, 2022, I filed the foregoing JOINT STATUS REPORT by CM/ECF, and that I caused a true and correct copy of the foregoing to be served via e-mail and first class mail upon the Plaintiff as follows:

Christine De Leva
7417 Lake Katrine Terrace
Gaithersburg, MD 20879
deleva.christin@gmail.com

*s/ Margaret M. Manos*
Margaret M. Manos (*Pro Hac Vice*)
North Carolina Bar No. 34837
mmanos@seyfarth.com
SEYFARTH SHAW LLP
121 W. Trade Street, Suite 2020
Charlotte, North Carolina 28202
Telephone: (704) 925-6030
Facsimile: (404) 724-1538

*Attorney for Defendants*