IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CHRISTINE DE LEVA,<br><br>    Plaintiff,<br><br>v.<br><br>LOWE'S COMPANIES, INC. and LOWE'S HOME CENTERS, LLC,<br><br>    Defendant. | Case No. 8:21-cv-01820-DKC |

**DEFENDANTS' OPPOSED MOTION FOR EXTENSION OF DISCOVERY
FOR LIMITED PURPOSE OF CONTINUING PLAINTIFF'S DEPOSITION
AND FOR EXTENSION OF DISPOSITIVE MOTION DEADLINE**

Defendants Lowe's Companies, Inc. and Lowe's Home Centers, LLC, by and through their undersigned counsel and pursuant to the Court's October 18, 2021 Scheduling Order (Dkt. No. 19) and Local Rule 105, respectfully move the Court to extend the discovery period in this action for a period of four weeks, through and including March 30, 2022, for the limited purpose of continuing Plaintiff's deposition for the reasons described herein. Defendants also move the Court to similarly extend the dispositive motion deadline in this action. In support of their motion, Defendants state as follows:

1. Plaintiff alleges she was falsely accused and fired for stealing, and that her termination was in retaliation for raising concerns of alleged pay discrimination. Plaintiff also alleges Lowe's improperly initiated criminal charges against her. Lowe's counters that Plaintiff was caught and admitted theft, she has a criminal record, including jail time for theft, she has been fired from at least one other retailer for theft, and that it did not improperly fire nor did it discriminate or retaliate against her.

80219579v.1

- 2 -

2. Pursuant to the Court's October 18, 2021 Scheduling Order (Dkt. No. 19), discovery in this matter is set to close today, on March 2, 2022. Dispositive motions are then due on or before April 1, 2022.

3. To date, the parties have engaged in extensive written discovery. Defense counsel has continued to follow up with Plaintiff since December 2021, both when she was represented by prior counsel Ms. Correia in this matter, and again since that time while she has been proceeding *pro se*, regarding deficiencies in Plaintiff's written discovery responses and her production of documents. Defense counsel first provided details about the deficiencies to Ms. Correia in December 2021. Although Plaintiff provided some additional information in response on February 24, 2022, she has not yet addressed all the outstanding issues identified by Defendants.

4. Defense counsel also elicited some of the outstanding information during Plaintiff's deposition yesterday, on March 1, 2022. Defense counsel, however, held Plaintiff's deposition open pending receipt and review of the following items: (1) medical records from two health care providers Plaintiff identified for the first time in her deposition, which are relevant to her claimed damages; (2) Plaintiff's federal and state income tax returns for the years 2018 through the present (which had been previously requested by Defendants via written discovery, but which Plaintiff has not provided). Given significant discrepancies in Plaintiff's employment history, these are necessary both to determine alleged damages and provide insight into Plaintiff's employment; (3) a copy of Plaintiff's resume that she testified she has in her possession, but was not included in Plaintiff's document production. Again, Plaintiff's employment history contains significant discrepancies and Defendants have asserted an after-acquired evidence defense in response, which makes documents regarding Plaintiff's employment relevant; and (4) documents regarding Plaintiff's mitigation of damages efforts from September 10, 2021 through the present.

5. As item (3) above in particular relates to Defendants' after-acquired evidence defense (as well as to Plaintiff's purported damages), Defendants believe that a brief extension of the discovery period is necessary for Plaintiff to produce these documents and for Defendants to continue her deposition on these limited issues. In addition, a similar extension of the dispositive motions deadline may be necessary depending on when Plaintiff provides the document(s) and how soon thereafter Defendants are able to review and continue Plaintiff's deposition about the document(s) in this category.

6. Accordingly, Defendants are requesting a four-week extension of discovery and the dispositive motion deadline for the sole purpose of Defendants having the opportunity to continue Plaintiff's deposition on the limited topics identified above and following Defendants' receipt of related documents from Plaintiff. Defendants are not requesting an extension of discovery for any other purpose and submit that discovery has otherwise been completed and should be closed.

7. Defendants' counsel represents that this motion is made in good faith and not for the purpose of delay. Defendants believe and represent that the requested extensions are reasonable and necessary. This is the first request for an extension of discovery in this action.

8. This motion is made prior to the expiration of the discovery period.

9. On March 2, 2022, Plaintiff stated that she opposes Defendants' request.

Accordingly, Defendants believe that they have demonstrated good cause for the extensions sought herein and respectfully request that the Court enter an Order extending the discovery period through and including March 30, 2022 for the limited purpose of Defendants continuing Plaintiff's deposition on the topics identified herein and similarly extending the dispositive motion deadline. A full explanation of the basis for this motion is set forth herein; thus,

no supporting memorandum has been filed, as it would serve no useful purpose.  A proposed Order is attached hereto for this Court's consideration.

Date: March 2, 2022

        By: */s/ Margaret M. Manos*
           Raymond C. Baldwin
           Bar No. 25449
           rbaldwin@seyfarth.com
           SEYFARTH SHAW LLP
           975 F Street, NW
           Washington, DC 20004
           Telephone: (202) 463-2400
           Facsimile: (202) 828-5393

           Margaret M. Manos (*Pro Hac Vice*)
           North Carolina Bar No. 34837
           mmanos@seyfarth.com
           SEYFARTH SHAW LLP
           121 W. Trade Street, Suite 2020
           Charlotte, North Carolina 28202
           Telephone: (704) 925-6030
           Facsimile: (404) 724-1538

           *Attorneys for Defendants*

           *LOWE'S COMPANIES, INC. and LOWE'S HOME CENTERS, LLC*

# CERTIFICATE OF SERVICE

I hereby certify that on March 2, 2022, I filed the foregoing DEFENDANTS' OPPOSED MOTION FOR EXTENSION OF DISCOVERY FOR LIMITED PURPOSE OF CONTINUING PLAINTIFF'S DEPOSITION AND FOR EXTENSION OF DISPOSITIVE MOTION DEADLINE by CM/ECF, and that I caused a true and correct copy of the foregoing to be served via e-mail and first class mail upon the Plaintiff as follows:

Christine De Leva
7417 Lake Katrine Terrace
Gaithersburg, MD 20879
deleva.christin@gmail.com

    /s/ Margaret M. Manos
Margaret M. Manos (*Pro Hac Vice*)
North Carolina Bar No. 34837
mmanos@seyfarth.com
SEYFARTH SHAW LLP
121 W. Trade Street, Suite 2020
Charlotte, North Carolina 28202
Telephone: (704) 925-6030
Facsimile: (404) 724-1538

*Attorney for Defendants*