IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CHRISTINE DE LEVA,<br><br>    Plaintiff,<br><br> v.<br><br>LOWE'S COMPANIES, INC. and LOWE'S HOME CENTERS, LLC,<br><br>    Defendants. | Case No. 8:21-cv-01820-DKC |

**PROTECTIVE ORDER**

As various information and documents have been or will be exchanged during the course of this litigation that may contain sensitive business, personal, proprietary, or otherwise confidential information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure, the Court **ORDERS** as follows:

1. Within this Protective Order, "Confidential Information" means any documents or information, in whatever form, which the producing party or a non-party reasonably believes (1) not to be in the public domain; (2) to contain any confidential, proprietary, strategic, research, development, commercial, or private information, including medical records; and/or (3) to contain information that refers to any current or former employee of Defendants Lowe's Home Centers, LLC or Lowe's Companies, Inc. ("Lowe's"), including but not limited to, documents contained in employees' personnel files and/or Lowe's Human Resources Department files.

2. When a party believes that Confidential Information may be produced or presented by any party or non-party in this case, that party may designate such material as, "CONFIDENTIAL," at the time of production or presentation. All materials designated as Confidential Information will contain a written "CONFIDENTIAL" designation on the document.

3. Any non-party that is producing documents, information, or other material that it considers to be Confidential Information, may designate such documents, information, or other material as "CONFIDENTIAL." Thereafter, the provisions of this Protective Order shall apply to the protected material.

4. For "Confidential Information" used during a deposition, any party shall have 30 days from its receipt of the completed transcript to provide written notice to the parties of the specific pages and lines of the transcript or exhibits which contain the Confidential Information. Until expiration of the 30-day period, all parties shall treat the entire transcript, including exhibits, as Confidential Information subject to the protections of this Order. If no party timely designates the transcript or a portion of the transcript as Confidential Information, then the transcript will not be treated as such.

5. Confidential Information shall not be used or disclosed by any party or non-party bound by the terms of this Protective Order, or their respective representatives and agents, including their attorneys, for any purpose whatsoever other than in the prosecution or defense of this case (including appeals, if any).

6. Confidential Information shall be disclosed only to the following:

    a. The parties' counsel and their partners, associates and employees to whom disclosure is reasonably deemed necessary to render professional services in this matter.

    b. A party who is bound by the terms of this Protective Order, including officers, directors, members and/or employees, but only to the extent considered reasonably necessary to render professional services in this matter.

    c. An expert or consultant who is retained by a party or its counsel in order to assist in the conduct of this litigation.

        d.    A witness or prospective witness in this litigation, but only to the extent reasonably necessary in preparing to testify.

        e.    Court reporters while in the performance of their official duties.

        f.    The judge or any other tribunal to which any appeal of the litigation is taken, including the respective staffs of the judge or such other tribunal.

        g.    Copying services, translators, and litigation support firms providing consultation, graphics and jury research (including focus group participants).

        h.    Other persons to whom the designating party chooses to disclose the Confidential Information.

7.    All documents, briefs, and other papers containing, referring to or otherwise disclosing Confidential Information which are filed with (or otherwise submitted to) the court shall not be disclosed by any party except as provided in this Order. Any party seeking to seal any such materials shall simultaneously submit a motion to the Court and comply with all applicable requirements of Local Rule 105.11, specifically "whenever materials subject to the confidentiality order (or any pleading, motion or memorandum referring to them) are proposed to be filed in the court record under seal, the party making such filing must simultaneously submit a motion and accompanying order which includes (a) proposed reasons supported by specific factual representations to justify the sealing and (b) an explanation why alternatives to sealing would not provide sufficient protection."

8.    In the event that any Confidential Information is, consistent with the terms of this Protective Order, used or disclosed in any hearing or trial, such information shall not lose its Confidential status by reason of such use or disclosure. Counsel (and Plaintiff, if proceeding *pro se*) shall take all steps reasonably required to protect the confidentiality of the information during such use or disclosure.

9. Any party challenging a Confidential designation shall meet and confer with the other party in an attempt to resolve the dispute. If the parties are unable to resolve the dispute, the challenging party may file a motion asking the court to resolve the dispute. The burden of proving the confidentiality of designated information remains with the party asserting such confidentiality. Pending resolution by the court, the Confidential designation will remain in full force and effect.

10. If a producing party or non-party inadvertently fails to designate qualified information or documents as Confidential, such failure, standing alone, shall not waive the producing party's right to secure protection under this Order. That party may subsequently designate qualified information or documents as Confidential by notifying all persons and parties to whom the materials were produced as soon as practicable. After receipt of such notification, the persons who received the production shall then treat the designated materials as Confidential.

11. Upon settlement and/or final disposition of this action, including all appeals, counsel for each receiving party shall take steps to secure all Confidential Information (including copies, charts, summaries, excerpts, etc.). Such material must be maintained as attorney-client privileged materials by counsel and all those receiving copies (including summaries, excerpts, etc.) of Confidential Information, including parties. Wherever possible, counsel shall assemble and either destroy or return to counsel for the designating party all Confidential Information. Counsel shall be entitled to retain a litigation file related to this matter pursuant to the document retention policies of counsel's respective law firms, including pleadings and exhibits thereto, affidavits, motions, briefs, material offered as received in evidence, or other papers filed with the Court, even if they contain Confidential Information. Under no circumstances may Confidential Information be used for any other case or purposes other than those related to this action or any action regarding the attorney's legal representation in this action. These same requirements of securing Confidential

Information upon the conclusion of this litigation apply to Plaintiff if she is proceeding *pro se*. The Clerk of Court may return to counsel or destroy any sealed material at the conclusion of the litigation.

12. In accordance with Rule 502(d) of the Federal Rules of Evidence, the inadvertent production of any document or item shall not constitute a waiver of any applicable privilege, for purposes of this litigation or any future litigation. If a party inadvertently produces information which it asserts is protected by the attorney-client privilege or work product doctrine, without intending to waive a claim of privilege, it shall promptly notify the receiving party of its claim of privilege. After being so notified, the receiving party shall promptly return or destroy the specified information and any copies.

13. Nothing in this Order shall be construed as a waiver by the parties of their rights to object to any request for discovery. This Protective Order shall not be construed as an agreement by the parties to produce any documents or information. Nothing in this Order shall be construed as preventing a party from challenging a confidential designation under applicable law.

14. Nothing contained in this Order, nor any action taken in compliance with it shall:

   a. Operate as an admission by any party that a particular document, material or information is, or is not, confidential;

   b. Operate as an admission by any party that a particular document, material or information is, or is not, subject to discovery or admissible into evidence at the trial of this suit.

15. "Confidential" materials produced by any party or nonparty through discovery in this suit prior to the entry of this Order by the Court shall be subject to the provisions of this Order to the same extent as if this Order had already been entered by the Court, unless the Court directs otherwise.

16. Nothing in this Protective Order shall prevent a party from any use of its own confidential materials. Moreover, nothing in this Protective Order shall limit the right of the parties to use confidential materials for purposes of this litigation, including any pleadings, memoranda, briefs, exhibits, or other documents which may be prepared in connection with this litigation.

17. The parties are free to discuss and enter into further stipulations regarding their treatment of Confidential Information. However, the restrictions imposed by this Protective Order may only be modified or terminated by order of the court, with good cause shown. This Order shall survive the termination of this action.

SO ORDERED this 29th day of March, 2022.

_____
**DEBORAH K. CHASANOW**
United States District Judge