IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CHRISTINE DE LEVA,<br><br>        Plaintiff,<br><br>    v.<br><br>LOWE'S COMPANIES, INC. and LOWE'S HOME CENTERS, LLC,<br><br>        Defendants. | Case No. 8:21-cv-01820-DKC |

## **DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Lowe's Companies, Inc.[1] and Lowe's Home Centers, LLC ("Lowe's") by undersigned counsel, moves this Court pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 105, for summary judgment on all of Plaintiff's claims.

Lowe's fired Plaintiff for theft, something a prior employer had also fired her for and of which she had previously been convicted. Plaintiff's theft was captured on video, and Plaintiff admitted what she did.

Plaintiff's pay complaint from nearly two years prior to her theft had nothing to do with Lowe's decision to investigate her theft or fire her for it. Indeed, it is undisputed that the person who discovered her theft, and those who investigated, had no knowledge of any alleged pay complaint. Based on the investigation, Plaintiff was fired. Even if those involved in the investigation or termination were aware of any alleged pay complaint, Plaintiff cannot show that Lowe's reasons for investigating her or firing her were pretextual and that retaliation was the real reason. The undisputed facts show Plaintiff was fired for stealing.

---

[1] Lowe's Companies, Inc. is not a proper defendant. Plaintiff was employed by Lowe's Home Centers, LLC and has never been employed by Lowe's Companies, Inc.

Similarly, Plaintiff cannot create a dispute of fact with respect to her pay discrimination claims. Lowe's has undisputed reasons for any pay differences, wholly unrelated to gender, race, national origin, or any other protected category.

Finally, Plaintiff's common law claims are either barred by the Shopkeeper's privilege, fail to offer any facts in support, or fail to meet the high bar required for the particular tort.

In further support, Defendants respectfully refer the Court to the accompanying Memorandum. Defendants request the Court grant their Motion and enter summary judgment in their favor.

                                      Respectfully submitted,

                                  By: */s/ Raymond C. Baldwin*
                                       Raymond C. Baldwin
                                       Bar No. 25449
                                       rbaldwin@seyfarth.com
                                       SEYFARTH SHAW LLP
                                       975 F Street, NW
                                       Washington, DC 20004
                                       Telephone: (202) 463-2400
                                       Facsimile: (202) 828-5393

                                       Margaret M. Manos (*Pro Hac Vice*)
                                       North Carolina Bar No. 34837
                                       mmanos@seyfarth.com
                                       SEYFARTH SHAW LLP
                                       121 W. Trade Street, Suite 2020
                                       Charlotte, North Carolina 28202
                                       Telephone: (704) 925-6030
                                       Facsimile: (404) 724-1538

Date: April 29, 2022                             *Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 29, 2022, I filed the foregoing DEFENDANTS' MOTION FOR SUMMARY JUDGMENT by CM/ECF, and that I caused a true and correct copy of the foregoing to be served first class mail upon the Plaintiff as follows:

Christine De Leva
7417 Lake Katrine Terrace
Gaithersburg, MD 20879

                                            */s/ Raymond C. Baldwin*
                                            Raymond C. Baldwin

82636298v.1