# EXHIBIT D

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CHRISTINE DE LEVA,<br><br>            Plaintiff,<br><br>    v.<br><br>LOWE'S COMPANIES, INC. and LOWE'S HOME CENTERS, LLC,<br><br>            Defendants. | Case No. 8:21-cv-01820-DKC |

## DECLARATION OF TERENCE HOPKINSON

I, Terence Hopkinson, state as follows:

1. I make this Declaration of my own free will, based upon my personal knowledge of the facts set forth below. I am over 18 years of age, and I am competent to make this Declaration.

2. I have been employed by Lowe's Home Centers, LLC ("Lowe's") since January 2013 and am currently employed as an Assistant Store Manager at the Myrtle Beach, South Carolina store. In March 2021, I was an Assistant Store Manager at the Frederick, Maryland store.

3. On March 8, 2021, one of the Frederick store's customer service associates contacted me because a customer had come in to return a tool that he had purchased earlier that day, but Lowe's computer system showed that the purchase had been refunded about an hour after the purchase. I asked the associate to contact our Information Technology ("IT") team to see if this was perhaps a system glitch. The IT team stated that the item had in fact been refunded and provided the invoice number and date and time of the refund transaction. I

instructed the associate to refund the customer his money as he had properly returned the merchandise to the store.

4. I looked up the invoice number in Lowe's Genesis system, which showed that it was refunded using the salesperson ID of ProServices Department Supervisor Jeffrey Bowden and that the transaction was processed at register 1. I then went to the store's Loss Prevention office to confirm who processed the refund transaction using the surveillance camera system. I looked up transactions at register 1 (the ProServices desk register) at the exact time of the invoice, and I saw that Plaintiff Christine De Leva had logged in under her supervisor's (Jeffrey Bowden's) credentials. Ms. De Leva had taken out a paper invoice from her Lowe's vest and the video showed her process the refund with no customer or merchandise present. The video also showed what looked like Ms. De Leva removing money from the register and concealing it under a paper or stack of papers for herself.

5. I immediately contacted Store Manager Scott Willis to join me in the office to review the video footage of Ms. De Leva. Given that this appeared to be a fraudulent cash return that Ms. De Leva made to herself, as is standard practice, I reported the information to the Lowe's Asset Protection team.

6. My discovery of Ms. De Leva's refund transaction with no customer or merchandise present on March 8, 2021 was only the result of the customer attempting to return the same item later in the day. In other words, the customer's attempted return is what alerted Lowe's to Ms. De Leva's fraudulent refund transaction. I recall seeing video surveillance of another refund transaction by Ms. De Leva with no customer or merchandise present, and I

provided that information to Senior Asset Protection Manager Chris Dang (who was investigating Ms. De Leva's transactions).

7. I did not supervise Ms. De Leva at any time when we both worked at the Frederick store and had no knowledge of her pay rate or of the pay rates of the other ProServices Sales Specialists. Ms. De Leva did not express a concern about her pay to me at any time. I had no knowledge of any concern or complaint that Ms. De Leva may have made to Lowe's about her pay.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed on April 25, 2022.

*Terence Hopkinson*
_____
TERENCE HOPKINSON