# EXHIBIT E

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

CHRISTINE DE LEVA,

        Plaintiff,

    v.

LOWE'S COMPANIES, INC. and LOWE'S
HOME CENTERS, LLC,

        Defendants.

Case No. 8:21-cv-01820-DKC

## DECLARATION OF RAMANDEEP KAKAR

I, Ramandeep Kakar, state as follows:

1. I make this Declaration of my own free will, based upon my personal knowledge of the facts set forth below and my review of Company records. I am over 18 years of age, and I am competent to make this Declaration.

2. I have been employed by Lowe's Home Centers, LLC ("Lowe's") since July 2017. During the time period that Plaintiff Christine De Leva was employed as a ProServices Sales Specialist at the Frederick, Maryland store from late February 2019 through late March 2021, I was an Area Human Resources Business Partner for District 814, which included the Frederick store. My current position is Regional HR Director for Region 21, which includes District 814.

3. Lowe's is an equal employment opportunity employer with a strong policy against discrimination, harassment, and retaliation of any kind, including discrimination on the bases of gender, race, and national origin. A true and accurate copy of the relevant Equal

Employment Opportunity, No Harassment, and Open Door policies are attached hereto as Exhibit 1.

4.      Lowe's Home Centers, LLC is the entity that formerly employed Ms. De Leva, not Lowe's Companies, Inc.

5.      During the time period that Ms. De Leva worked at the Frederick store, I maintained an office in the back of the store where I regularly spent some time performing my job functions.  Due to having an office in the store, I had occasion to interact and speak with Ms. De Leva.  I was familiar with the three employees who were ProServices Sales Specialists in March 2021 prior to Ms. De Leva's termination: Ms. De Leva, Jeffrey Nyswaner, and Paul Lewis.

6.      I recall, and Lowe's records maintained in the regular course of business show, that Ms. De Leva was promoted to the ProServices Sales Specialist position and began working at the Frederick store in that position in late February 2019.  Lowe's records maintained in the regular course of business reflect that her starting pay in the ProServices Sales Specialist position was $17.77 per hour.

7.      Lowe's records maintained in the regular course of business reflect that Lowe's increased Ms. De Leva's pay from $17.77 to $18.12 per hour in early April 2019, which was made retroactive to Ms. De Leva's start date in the ProServices Sales Specialist position.  A true and accurate copy of Ms. De Leva's pay statements reflecting this change are attached hereto as Exhibit 2.

8.      I recall, and Lowe's records maintained in the regular course of business show, that Jeffrey Nyswaner was promoted to a ProServices Sales Specialist position at the Frederick

store in early May 2019.  Lowe's records maintained in the regular course of business reflect that Mr. Nyswaner's starting pay in the ProServices Sales Specialist position was $20.19 per hour.

9.      I recall that Ms. De Leva raised a concern about her pay that was investigated by the Lowe's Associate Relations team in late 2019 as I corresponded with Associate Relations Advisor Marsha Poston in late November and into mid-December 2019 about Ms. De Leva's pay rate compared to that of Mr. Nyswaner.  Lowe's records maintained in the regular course of business show that Ms. De Leva raised this concern with the Lowe's Associate Relations team in November 2019.  Other than that concern in November 2019, I am not aware that Ms. De Leva expressed any concern about her pay compared to Mr. Nyswaner's pay, or any concern of alleged pay discrimination whatsoever.  Lowe's records maintained in the regular course of business show that Lowe's corrected any alleged pay disparity as it increased Ms. De Leva's pay to match the hourly rate of Mr. Nyswaner and made the change retroactive to Ms. De Leva's start date in her ProServices Sales Specialist position.  Specifically, Lowe's records show that Lowe's increased Ms. De Leva's hourly pay rate to $20.19 in January 2020, retroactive to her start date in the ProServices Sales Specialist position.  A true and accurate copy of  Ms. De Leva's pay statements reflecting this change are attached hereto as Exhibit 3.

10.      In March 2021, one year and four months after Ms. Deva raised a pay concern in November 2019, Senior Asset Protection Manager Chris Dang informed me that the Lowe's Asset Protection team was investigating Ms. De Leva for possible fraudulent cash returns and merchandise pass-off transactions.  Mr. Dang called me on March 29, 2021 and provided an overview of his interview of Ms. De Leva that day and investigation findings.  During this call, I approved the termination of Ms. De Leva's employment based upon the AP investigation

findings.  I understand that Ms. De Leva inquired to Scott Willis in March 2021 about her annual merit increase.  I had no knowledge of Ms. Deva's March 2021 inquiry to Mr. Willis about her merit increase at the time that I made the termination decision.

11.     I decided to terminate Ms. De Leva's employment for theft due to the investigation findings from AP case number C-4628947, which included video evidence and findings that Ms. De Leva engaged in several fraudulent cash returns (*i.e.*, she processed returns with no customer or merchandise present and took the cash herself) and several merchandise pass-off transactions with a Lowe's customer.  My decision had nothing to do with Ms. De Leva's sex, race, or national origin, or any other protected characteristic.  Also, my decision had nothing to do with the pay concern that Ms. De Leva raised to the Associate Relations team in November 2019 or any other alleged pay discrimination concern.  I had no knowledge of a pay concern that Ms. De Leva may have had in March 2021, or of any pay concern she may have had after the November 2019 concern.  I had no knowledge of any concern of alleged race or national origin discrimination that Ms. De Leva may have had.

12.     Lowe's records maintained in the regular course of business show that both Ms. De Leva and Jeffrey Nyswaner received the standard 3 percent annual merit increase in March 2020 and that Lowe's increased their pay from $20.19 to $20.7957 per hour.  Lowe's records also show that Ms. De Leva received an approximate 4.8 percent annual merit increase in March 2021 and that Mr. Nyswaner received the standard 3 percent annual merit increase in March 2021.  At that time, Lowe's increased Mr. Nyswaner's pay to $22.72 per hour and Ms. De Leva's pay to $21.80 per hour.  Lowe's records reflect that Assistant Store Manager Ryan Bostelman

had approved an out-of-cycle increase for Mr. Nyswaner the prior month, from $20.7957 to $22.05 per hour.

13.     Lowe's records maintained in the regular course of business show that Paul Lewis began employment with Lowe's in June 1999 and began in his ProServices Sales Specialist position (previously called "Sales Specialist, Commercial Sales") in May 2008.  At the time Mr. Lewis started in the ProServices Sales Specialist position, he had been employed by Lowe's including in Sales Specialist and customer service associate positions for almost 9 years.  Mr. Lewis received regular increases throughout his employment.  In November 2019, Mr. Lewis' pay rate was $24.241565 per hour.  In March 2021, Mr. Lewis' pay rate was $24.968812 per hour.  These pay rates were based upon Mr. Lewis' prior work history and length of service of over 20 years.  Any disparity between Ms. De Leva's pay rate and Mr. Lewis' pay rate was due to the difference in prior work history and length of service with Lowe's and not due to gender or any other protected characteristic.  In November 2019, Ms. De Leva had been employed by Lowe's for less than two years.  In November 2019, Mr. Lewis had been employed by Lowe's for over twenty years.

14.     Lowe's records maintained in the regular course of business show that Ms. De Leva did not disclose any prior criminal convictions in connection with her Lowe's employment application.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed on April $\underline{28}$, 2022.

5

_Ramandeep kakar_

_____
RAMANDEEP KAKAR

80932539v.1

# EXHIBIT 1

LOWE'S ● POLICY



| | Equal Employment Opportunity Policy | |
| --- | --- | --- |
| **Human Resources** | | **Effective Date:  1/30/2017** |

## Table of Contents

Purpose

Scope

Policy

Corrective Action

## Purpose

The purpose of the Equal Employment Opportunity policy is to outline Lowe's commitment to equal employment opportunities.

## Scope

This policy applies to all locations, including stores, distribution centers, and corporate office locations. This policy applies to all employees, applicants, customers, vendors, contractors, or any other individual or entity who is in a business relationship with the Company.

## Policy

I.   Lowe's believes that all employees should be treated fairly and equally.  Lowe's is an equal opportunity employer and administers all personnel practices without regard to race, color, religious creed, sex, gender, age, ancestry, national origin, mental or physical disability or medical condition, sexual orientation, gender identity or expression, marital status, military or veteran status, genetic information or any other category protected under federal, state or local law.

II.   Federal, state and local laws make it unlawful to hire, discharge or otherwise discriminate against individuals with respect to their compensation, terms, conditions or privileges of employment because of their race, color, religious creed, sex, gender, age, ancestry, national origin, mental or physical disability or medical condition , sexual orientation, gender identity or expression, marital status, military or veteran status, genetic information  and other categories protected under applicable state and local laws.  Lowe's wants employees to be comfortable working in an environment free of discrimination of any kind, including sexual, racial and any other forms of harassment. All employees are expected to conduct themselves in such a manner as to maintain an

**CONFIDENTIAL**

DEF000536

LOWE'S ● POLICY

environment of non-discrimination and to respect and preserve the individual rights and dignity of every Lowe's employee.

III.   Lowe's hires, compensates and promotes employees on the basis of merit.

### *Retaliation*

Retaliation against any person, who has made a claim of harassment or discrimination, filed a charge of harassment or discrimination, or who has otherwise participated in an investigation of such a claim will not be tolerated.  Such activity is unlawful and will result in disciplinary action, up to and including termination of employment.

### *Reporting Procedures*

I.   Any employee who believes they have been subject to, have witnessed, or are aware of discrimination or harassment of or by an employee, applicant, customer, vendor, contractor, or any other individual or entity who is in a business relationship with the Company is strongly encouraged to report the incident.  Employees can report discrimination, harassment, or retaliation verbally or in writing by any of the following methods:

A.   Directly to their immediate supervisor/manager, any member of management at or associated with their location.

B.   Their store, location, Area, Regional, or Corporate Human Resources representative.

C.   By contacting Employee Relations at employeerelations@lowes.com.

D.   By contacting the Ethics Point compliance hotline by phone at 1-800-784-9592; or by accessing www.ethicspoint.com.

II.   Supervisors and managers must report any complaints or misconduct under this policy promptly to a designated company representative including but not limited to a member of management at or associated with their location, or their Human Resources representative for further action. Upon receipt, Human Resources must promptly forward any complaint of discrimination, harassment, or retaliation to the Employee Relations Team for investigation and resolution.

### *Confidentiality*

All reports will be investigated promptly and thoroughly by the Employee Relations Team and in as confidential a manner as possible.  Information will be disclosed only on a need-to-know basis for the purpose of investigating and resolving the complaint. If it is determined that harassment or discrimination has occurred, appropriate disciplinary action will be taken against the offending party, up to and including termination of employment.

CONFIDENTIAL

DEF000537

## Corrective Action

Employees found to be in violation of the Company's commitment to non-discrimination will be subject to disciplinary action up to and including termination of employment.



**Human Resources**

# No Harassment Policy

**Effective Date: 4/29/2019**

## Table of Contents

Overview
Policy
    *Sexual Harassment*
    *Other Types of Harassment*
    *Reporting Procedures*
    *Confidentiality*
    *Retaliation*
Definitions

## Overview

Lowe's strives to create and maintain a work environment in which people are treated with dignity, decency, and respect. The purpose of the No Harassment Policy is to outline the company's commitment to building and preserving a community in which all members can work together, free of discrimination and harassment of any kind.  This policy applies to associates, applicants, customers, vendors, contractors, or any other individual or entity who is in a business relationship with the company.

## Policy

Lowe's is committed to providing an environment free from all forms of harassment based on sex, gender, age, ancestry, national origin, race, color, religious creed, mental or physical disability or medical condition, sexual orientation, gender identity or expression, marital status, military or veteran status, genetic information, or any other category protected by federal, state, or local law.  Harassment of any kind will not be tolerated in the workplace or in any work-related setting outside the workplace, such as during business trips, business meetings, and business-related social events.

All types of offensive, hostile, and intimidating behavior are prohibited.

### Sexual Harassment

    I.   The company strictly prohibits and will not tolerate sexual harassment of any kind.  Sexual harassment may include any conduct of a sexual nature that is unwelcome and makes a reasonable person feel that the work environment is intimidating, offensive, or hostile. Sexual harassment may occur between people

CONFIDENTIAL

DEF000539

of the opposite sex or the same sex. Sexual harassment may also include non-sexual comments, threats, or actions that display hostility toward a person in the workplace because of their gender.

II.   The following kinds of behavior may be considered forms of sexual harassment, and are strictly prohibited.  This list is not intended to be all-inclusive.

    a.  Offering a job benefit in return for sexual favors.

    b.  Taking or threatening to take an adverse action against an individual who refuses sexual advances.

    c.  Other advances or requests of a sexual nature.

    d.  Unwelcome sexual flirtations.

    e.  Graphic sexual statements about an individual's body.

    f.  Using sexually degrading words to describe an individual.

    g.  Gestures of an obscene or sexually suggestive nature.

    h.  Humor or jokes of a sexual nature.

    i.  Posters, pictures, cartoons, toys or objects of a sexual nature.

    j.  Leering or staring that is offensive.

    k.  Touching or other physical contact with an individual that is unwelcome.

    l.  Offensive comments towards an associate in the workplace because of their gender.

    m.  Sexting, texting, emailing, or any other form of communication of a sexually suggestive nature.

*Other Types of Harassment*

I.   The following behaviors may be considered forms of harassment, and are strictly prohibited. This list is not intended to be all-inclusive.

    a.  Retaliating against a person who has made a claim of harassment or discrimination, filed a charge of discrimination or harassment, or who has participated in an investigation of such a claim.

    b.  Telling racial, ethnic, disability, age-related, gender identity, gender expression, or other types of degrading jokes.

    c.   Making racial, ethnic, religious slurs, and other forms of degrading name calling.

    d.   Making threats or intimidation based on a category protected by Lowe's EEO and No Harassment policies.  For example, teasing a co-worker because of their sexual orientation or perceived sexual orientation.

    e.   Displaying offensive written or graphic material or communications in the workplace.

## Reporting Procedures

I.    If you believe you have been subject to, have witnessed, or are aware of discrimination, harassment, and/or retaliation by an associate, applicant, customer, vendor, contractor, or any other individual or entity who is in a business relationship with the company, you are strongly encouraged to report the incident.

II.    You can report discrimination, harassment, or retaliation verbally or in writing by any of the following methods:

    a.   Directly to your immediate supervisor or manager, or any member of management.

    b.   Your location, Area, Regional, or Corporate HR Representative.

    c.   By contacting Associate Relations at associaterelations@lowes.com.

    d.   By contacting Ethics Point compliance hotline by phone at 1-800-784-9592 or by accessing www.ethicspoint.com.

III.    Supervisors and managers must report any complaints or misconduct under this policy promptly to a designated company representative including but not limited to the Associate Relations Department or to a member of management for further action.

IV.    Upon receipt, management must promptly forward any complaint of discrimination, harassment, or retaliation to the Associate Relations Department for investigation and resolution.

## Confidentiality

All reports will be investigated promptly and thoroughly by the Associate Relations team in the most confidential manner as possible.  Information will be disclosed only on a need-to-know basis for the purpose of investigating and resolving the complaint.  Upon conclusion of the investigation, the complaining party will be advised that the

CONFIDENTIAL

investigation has been completed and appropriate action has been taken.  The accused will be notified of the investigation results and any remedial action, if appropriate.

*Retaliation*

The company prohibits retaliation against any person who has made a claim of harassment or discrimination, filed a charge of discrimination or harassment, or who has participated in an investigation of such a claim.  Retaliation will not be tolerated and will be considered a serious form of misconduct which can result in disciplinary action up to and including immediate termination of employment.

## Definitions

| Term | Definition |
|------|------------|
| Discrimination | Discrimination is defined as treating someone as inferior based on a protected category that could adversely impact the terms and conditions of employment. |
| Harassment | Harassment is unwelcome conduct toward an individual and/or treating one poorly because of their sex, gender, age, ancestry, mental or physical disability or medical condition, marital status, race or color, national origin, religious creed, sexual orientation, gender identity or expression, genetic information, military or veteran status, or any other category protected by federal, state, or local law when the conduct creates an intimidating, hostile, or offensive work environment that causes work performance to suffer; or negatively affects the terms and conditions of employment. |
| Retaliation | Retaliation refers to any action that is done to punish someone for reporting harassment or discrimination, participating or providing assistance in an investigation of harassment or discrimination, or any action that might discourage an associate from bringing a complaint forward.  For example, it would be improper to refuse to promote an associate or reduce their pay because they reported harassment. |
| Sexual Harassment | Sexual harassment is a form of harassment that is based on a person's sex or that is sex-based behavior. It is also sexual harassment for anyone in a position of authority to tie hiring, promotion, termination or any other condition of employment to a request or demand for sexual favors. |

DEF000542



| | **Open Door Procedure** |
|---|---|
| Human Resources United States | |
| | Governing Policy: Open Door | **Effective Date:  1/30/2017** |

## Table of Contents

Purpose

Guidance

Procedure

## Purpose

The purpose of the Open Door procedure is to provide guidance to employees and management regarding ways to work together collaboratively to resolve work-related questions or concerns.

## Guidance

All Lowe's employees are encouraged to have regular one-on-one conversations with their Manager or Supervisor to address work-related questions, concerns, or suggestions.  In most situations, an employee's immediate manager will be their best option, though employees may engage the Open Door process by other means.

By listening to employees, the company has the opportunity to be more aware of issues and decisions that concern or effect employees, to address complaints, and to foster understanding of the rationale for company practices, processes, and decisions when applicable.

## Procedure

I.    Most work-related questions or concerns should be resolved in discussions between employees and their immediate manager.

II.   Lowe's has also made available additional contacts inside and outside the immediate workplace as resources to answer employee questions or concerns.

    a.   The below chart includes the members of management that employees are encouraged to contact for guidance in accordance with the Open Door policy.

    b.   Contacts located somewhere other than the Employee's workplace may be reachable through telephone, voicemail, or email.

---

**CONFIDENTIAL**

DEF000543

| Building | Inside the Building Contact Option(s) | Outside the Building Contact Option(s) |
|---|---|---|
| Store(s) | Assistant Store Manager<br>HR Manager<br>Store Manager<br>Service Manager<br>Support Manager | Area HR Manager<br>Director HR-Field Operations<br>Market Director-Stores |
| Distribution Center(s) | Coach<br>HR Coach/Location HR Manager<br>Location Manager | Director HR-Field Operations<br>VP – DC Field Operations |
| Contact Center(s) | Manager of Operations<br>Manager HR-CSC Staff<br>Site Director | Director HR – Operations<br>VP Contact Center |
| Corporate Office(s) | Director<br>Vice President<br>Director of Employee Relations | |

III.    The company offers an additional method by which employees may choose to report concerns or suggestions, the Lowe's Employee Hotline.

    a.    Employees may contact the Lowe's Employee Hotline to communicate issues and concerns associated with allegedly inappropriate, unethical, or improper activities.

    b.    Employees can visit Lowe's Employee Hotline at www.ethicspoint.com or call 1-800-784-9592, 24 hours a day.

    c.    Employees may remain anonymous when using the Lowe's Employee Hotline.

**Open Door Policy Signage:**

IV.    All U.S. locations are required to post the Open Door poster so that it is easily accessible and viewable for all employees.

    a.   Contact information should be filled out, and updated on a regular basis to ensure accuracy.

    b.   Additional Posters may be ordered through Spend Management:

| Building | Spend Management Order Number |
|---|---|
| Store(s) | 234848 |
| Distribution Center(s) | 234849 |
| Contact Center(s) | 234850 |
| Corporate Office(s) | 234851 |

**CONFIDENTIAL**

DEF000545

# EXHIBIT 2

| **Lowe's Home Centers, LLC** | | Pay Group: | LH6-DE,MD,VA,WV | Business Unit: | STRBU |
| 1605 Curtis Bridge Road | | Pay Begin Date: | 04/06/2019 | Advice #: | **000000088574877** |
| Wilkesboro, NC  28697 | | Pay End Date: | 04/19/2019 | Advice Date: | 04/26/2019 |
| 1-844-475-6937 | | | | | |

| **Christine De Leva** | | Employee ID: | 002413608 | **TAX DATA:** | **Federal** | **MD State** |
| 7417 Lake Katrine Terrace | | Department: | 0404-Pro Services | Tax Status: | Single | Single |
| GAITHERSBURG, MD  20879 | | Location: | 0516 - Frederick, MD | Allowances: | 8 | 8 |
| | | Job Title: | Sales Specialist ProServices | Addl. Percent: | | |
| | | Pay Rate: | $18.120000 Hourly | Addl. Amount: | | |

## HOURS AND EARNINGS

| | ------ Pay Period ------ | | ---------- Current ---------------- | | | ---------- YTD ------------- | | TAXES | | |
| **Description** | **Begin Date** | **End Date** | **Rate** | **Hours** | **Earnings** | **Hours** | **Earnings** | **Description** | **Current** | **YTD** |
| Regular | | | 18.120000 | 72.02 | 1,305.00 | 649.72 | 10,452.67 | Fed Withholdng | 0.00 | 195.08 |
| Overtime | | | 27.182292 | 1.92 | 52.19 | 29.17 | 684.61 | Fed MED/EE | 20.48 | 172.27 |
| Retro OT | 03/09/2019 | 04/05/2019 | | | 3.26 | | 3.26 | Fed OASDI/EE | 87.57 | 736.61 |
| Retro Rate | 03/09/2019 | 04/05/2019 | | | 52.02 | | 52.02 | MD Withholdng | 20.40 | 336.79 |
| Contest | | | | | 0.00 | | 20.00 | | | |
| HOL Fixed | | | | | 0.00 | 8.00 | 116.00 | | | |
| Holiday | | | | | 0.00 | 11.62 | 168.50 | | | |
| Ovt Prem | | | | | 0.00 | | 3.38 | | | |
| Ser Sls In | | | | | 0.00 | | 240.00 | | | |
| **CONTINUED NEXT PAGE** | | | | | | | | **TOTAL:** | **128.45** | **1,440.75** |

| BEFORE-TAX DEDUCTIONS | | | AFTER-TAX DEDUCTIONS | | | EMPLOYER PAID BENEFITS | | |
| **Description** | **Current** | **YTD** | **Description** | **Current** | **YTD** | **Description** | **Current** | **YTD** |
| 401(k) Savings Plan | 84.75 | 711.66 | ESPP Period 1 | 25.00 | 225.00 | 401(k) Savings Plan | 60.02 | 504.08 |
| **TOTAL:** | **84.75** | **711.66** | **TOTAL:** | **25.00** | **225.00** | *TAXABLE | | |

| | **TOTAL GROSS** | **FED TAXABLE GROSS** | **TOTAL TAXES** | **TOTAL DEDUCTIONS** | **NET PAY** |
| Current | 1,412.47 | 1,327.72 | 128.45 | 109.75 | 1,174.27 |
| YTD | 11,880.80 | 11,169.14 | 1,440.75 | 936.66 | 9,503.39 |

| NET PAY DISTRIBUTION | | | |
| | **Account Type** | **Account Number** | **Deposit Amount** |
| Advice #000000088574877 | Checking | ******7362 | 1,174.27 |
| **TOTAL:** | | | **1,174.27** |

**MESSAGE:** Employees who have a filing status or withholding allowance change need to submit a new 2018 Fed W4

DEF000312

**Lowe's Home Centers, LLC**
1605 Curtis Bridge Road
Wilkesboro, NC 28697
1-844-475-6937

| | | |
|---|---|---|
| Pay Begin Date: | 04/06/2019 | |
| Pay End Date: | 04/19/2019 | |

| | |
|---|---|
| Advice #: | 000000088574877 |
| Advice Date: | 04/26/2019 |

**Christine De Leva**
7417 Lake Katrine Terrace
GAITHERSBURG, MD 20879

| | |
|---|---|
| Employee ID: | 002413608 |
| Department: | 0404-Pro Services |
| Location: | Frederick, MD |
| Job Title: | Sales Specialist ProServices |
| Pay Rate: | $18.120000 Hourly |

| TAX DATA: | Federal | MD State |
|---|---|---|
| Tax Status: | Single | Single |
| Allowances: | 8 | 8 |
| Addl. Percent: | | |
| Addl. Amount: | | |

## HOURS AND EARNINGS

| | ------ Pay Period ------ | | ---------- Current ---------------- | | | --------- YTD ------------- | |
|---|---|---|---|---|---|---|---|
| **Description** | **Begin Date** | **End Date** | **Rate** | **Hours** | **Earnings** | **Hours** | **Earnings** |
| Vacation | | | | | 0.00 | 9.68 | 140.36 |
| **TOTAL:** | | | | 73.94 | 1,412.47 | 678.89 | 11,880.80 |

## TAXES

| Description | Current | YTD |
|---|---|---|
| | | |

| BEFORE-TAX DEDUCTIONS | | | AFTER-TAX DEDUCTIONS | | | EMPLOYER PAID BENEFITS | | |
|---|---|---|---|---|---|---|---|---|
| **Description** | **Current** | **YTD** | **Description** | **Current** | **YTD** | **Description** | **Current** | **YTD** |
| | | | | | | | | |

DEF000313

| Lowe's Home Centers, LLC | Pay Group: | LH6-DE,MD,VA,WV | Business Unit: | STRBU |
|---|---|---|---|---|
| 1605 Curtis Bridge Road | Pay Begin Date: | 04/20/2019 | Advice #: | 000000088856603 |
| Wilkesboro, NC 28697 | Pay End Date: | 05/03/2019 | Advice Date: | 05/10/2019 |
| 1-844-475-6937 | | | | |

| | | | TAX DATA: | Federal | MD State |
|---|---|---|---|---|---|
| Christine De Leva | Employee ID: | 002413608 | Tax Status: | Single | Single |
| 7417 Lake Katrine Terrace | Department: | 0404-Pro Services | Allowances: | 8 | 8 |
| GAITHERSBURG, MD 20879 | Location: | 0516 - Frederick, MD | Addl. Percent: | | |
| | Job Title: | Sales Specialist ProServices | Addl. Amount: | | |
| | Pay Rate: | $18.120000 Hourly | | | |

## HOURS AND EARNINGS

| | ------ Pay Period ------ | | ---------- Current ---------------- | | | ---------- YTD ------------- | | TAXES | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Description | Begin Date | End Date | Rate | Hours | Earnings | Hours | Earnings | Description | Current | YTD |
| Regular | | | 18.120000 | 80.00 | 1,449.60 | 729.72 | 11,902.27 | Fed Withholdng | 0.00 | 195.08 |
| Overtime | | | 27.181818 | 0.88 | 23.92 | 30.05 | 708.53 | Fed MED/EE | 21.82 | 194.09 |
| Retro OT | 02/23/2019 | 03/15/2019 | | | 0.99 | | 4.25 | Fed OASDI/EE | 93.31 | 829.92 |
| Retro Rate | 02/23/2019 | 03/15/2019 | | | 30.50 | | 82.52 | MD Withholdng | 27.31 | 364.10 |
| Contest | | | | | 0.00 | | 20.00 | | | |
| HOL Fixed | | | | | 0.00 | 8.00 | 116.00 | | | |
| Holiday | | | | | 0.00 | 11.62 | 168.50 | | | |
| Ovt Prem | | | | | 0.00 | | 3.38 | | | |
| Win2gether | | | | | 0.00 | | 240.00 | | | |
| **CONTINUED NEXT PAGE** | | | | | | | | **TOTAL:** | **142.44** | **1,583.19** |

## BEFORE-TAX DEDUCTIONS / AFTER-TAX DEDUCTIONS / EMPLOYER PAID BENEFITS

| Description | Current | YTD | Description | Current | YTD | Description | Current | YTD |
|---|---|---|---|---|---|---|---|---|
| 401(k) Savings Plan | 90.30 | 801.96 | ESPP Period 1 | 25.00 | 250.00 | 401(k) Savings Plan | 63.96 | 568.04 |
| **TOTAL:** | **90.30** | **801.96** | **TOTAL:** | **25.00** | **250.00** | *TAXABLE | | |

| | TOTAL GROSS | FED TAXABLE GROSS | TOTAL TAXES | TOTAL DEDUCTIONS | NET PAY |
|---|---|---|---|---|---|
| Current | 1,505.01 | 1,414.71 | 142.44 | 115.30 | 1,247.27 |
| YTD | 13,385.81 | 12,583.85 | 1,583.19 | 1,051.96 | 10,750.66 |

## NET PAY DISTRIBUTION

| | Account Type | Account Number | Deposit Amount |
|---|---|---|---|
| Advice #000000088856603 | Checking | ******7362 | 1,247.27 |
| **TOTAL:** | | | **1,247.27** |

**MESSAGE:** Employees who have a filing status or withholding allowance change need to submit a new 2018 Fed W4

DEF000314

**Lowe's Home Centers, LLC**
1605 Curtis Bridge Road
Wilkesboro, NC  28697
1-844-475-6937

| Business Unit: | LHCLL |
|---|---|
| Pay Begin Date: | 04/20/2019 |
| Pay End Date: | 05/03/2019 |

| Advice #: | 000000088856603 |
|---|---|
| Advice Date: | 05/10/2019 |

| **Christine De Leva** | Employee ID: | 002413608 |
|---|---|---|
| 7417 Lake Katrine Terrace | Department: | 0404-Pro Services |
| GAITHERSBURG, MD  20879 | Location: | Frederick, MD |
| | Job Title: | Sales Specialist ProServices |
| | Pay Rate: | $18.120000 Hourly |

| TAX DATA: | Federal | MD State |
|---|---|---|
| Tax Status: | Single | Single |
| Allowances: | 8 | 8 |
| Addl. Percent: | | |
| Addl. Amount: | | |

## HOURS AND EARNINGS

| | ------ Pay Period ------ | | ---------- Current --------------- | | --------- YTD ------------- | | | TAXES | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Description | Begin Date | End Date | Rate | Hours | Earnings | Hours | Earnings | Description | Current | YTD |
| Vacation | | | | | 0.00 | 9.68 | 140.36 | | | |
| **TOTAL:** | | | | **80.88** | **1,505.01** | **759.77** | **13,385.81** | | | |

| BEFORE-TAX DEDUCTIONS | | | AFTER-TAX DEDUCTIONS | | | EMPLOYER PAID BENEFITS | | |
|---|---|---|---|---|---|---|---|---|
| Description | Current | YTD | Description | Current | YTD | Description | Current | YTD |
| | | | | | | | | |

DEF000315

| Lowe's Home Centers, LLC | Pay Group: | LH6-DE,MD,VA,WV | Business Unit: | STRBU |
|---|---|---|---|---|
| 1605 Curtis Bridge Road | Pay Begin Date: | 05/04/2019 | Advice #: | 000000089173585 |
| Wilkesboro, NC  28697 | Pay End Date: | 05/17/2019 | Advice Date: | 05/24/2019 |
| 1-844-475-6937 | | | | |

| | | | TAX DATA: | Federal | MD State |
|---|---|---|---|---|---|
| Christine De Leva | Employee ID: | 002413608 | Tax Status: | Single | Single |
| 7417 Lake Katrine Terrace | Department: | 0404-Pro Services | Allowances: | 8 | 8 |
| GAITHERSBURG, MD  20879 | Location: | 0516 - Frederick, MD | Addl. Percent: | | |
| | Job Title: | Sales Specialist ProServices | Addl. Amount: | | |
| | Pay Rate: | $18.120000 Hourly | | | |

## HOURS AND EARNINGS

| | | ---- Current ---- | | -------- YTD -------- | | TAXES | | |
|---|---|---|---|---|---|---|---|---|
| Description | Rate | Hours | Earnings | Hours | Earnings | Description | Current | YTD |
| Regular Hours | 18.120000 | 48.02 | 870.12 | 777.74 | 12,772.39 | Fed Withholdng | 0.00 | 195.08 |
| Overtime Hours | 27.179104 | 0.67 | 18.21 | 30.72 | 726.74 | Fed MED/EE | 21.45 | 215.54 |
| Holiday Hours | 18.120000 | 8.00 | 144.96 | 19.62 | 313.46 | Fed OASDI/EE | 91.71 | 921.63 |
| Vacation Hours | 18.120000 | 24.00 | 434.88 | 33.68 | 575.24 | MD Withholdng | 25.44 | 389.54 |
| Contest Incentive | | | | 11.00 | 31.00 | | | |
| Overtime Premium | | | | 0.09 | 3.47 | | | |
| Holiday Fixed | | | 0.00 | 8.00 | 116.00 | | | |
| Retro Active Overtime | | | 0.00 | | 4.25 | | | |
| Retro Rate Adjustment | | | 0.00 | | 82.52 | | | |
| **CONTINUED NEXT PAGE** | | | | | | **TOTAL:** | **138.60** | **1,721.79** |

| BEFORE-TAX DEDUCTIONS | | | AFTER-TAX DEDUCTIONS | | | EMPLOYER PAID BENEFITS | | |
|---|---|---|---|---|---|---|---|---|
| Description | Current | YTD | Description | Current | YTD | Description | Current | YTD |
| 401(k) Savings Plan | 88.10 | 890.06 | ESPP Period 1 | 25.00 | 275.00 | 401(k) Savings Plan | 62.40 | 630.44 |
| **TOTAL:** | **88.10** | **890.06** | **TOTAL:** | **25.00** | **275.00** | ***TAXABLE** | | |

| | TOTAL GROSS | FED TAXABLE GROSS | TOTAL TAXES | TOTAL DEDUCTIONS | NET PAY |
|---|---|---|---|---|---|
| Current | 1,479.26 | 1,391.16 | 138.60 | 113.10 | 1,227.56 |
| YTD | 14,865.07 | 13,975.01 | 1,721.79 | 1,165.06 | 11,978.22 |

| NET PAY DISTRIBUTION | | | |
|---|---|---|---|
| | Account Type | Account Number | Deposit Amount |
| Advice #000000089173585 | Checking | ******7362 | 1,227.56 |
| **TOTAL:** | | | **1,227.56** |

**MESSAGE:** Employees who have a filing status or withholding allowance change need to submit a new 2018 Fed W4

DEF000316

# EXHIBIT 3

| Lowe's Home Centers, LLC<br>1605 Curtis Bridge Road<br>Wilkesboro, NC 28697<br>1-844-475-6937 | Pay Group: USHI<br>Pay Begin Date: 12/28/2019<br>Pay End Date: 01/10/2020 | Check #:<br>Check Date: 01/17/2020 |
|---|---|---|

| **Christine De Leva**<br>7417 Lake Katrine Terrace<br>GAITHERSBURG, MD 20879 | Employee ID: 002413608<br>Location: 0516-Frederick, MD<br>Job Title: Sales Specialist ProServices<br>Pay Rate: $20.19 Hourly | **TAX DATA:**<br>To view your tax withholdings,<br>go to Workday -> Pay -> View Tax Elections |
|---|---|---|

### HOURS AND EARNINGS

| | ------- Pay Period ------- | | | --------------- Current --------------- | | ----------- YTD ----------- | |
|---|---|---|---|---|---|---|---|
| **Description** | **Begin Date** | **End Date** | **Rate** | **Hours** | **Earnings** | **Hours** | **Earnings** |
| Overtime | 01/04/2020 | 01/10/2020 | 30.285 | 0.92 | 27.87 | 0.92 | 91.30 |
| Holiday | 12/28/2019 | 01/03/2020 | 20.19 | 24 | 484.56 | 24 | 484.56 |
| Regular | 12/28/2019 | 01/10/2020 | 20.19 | 57.05 | 1,151.84 | 87.92 | 3,817.14 |
| Sick Pay | 12/28/2019 | 01/03/2020 | 20.19 | -2 | -40.38 | 24 | 550.80 |
| HOL Fixed | 12/21/2019 | 12/27/2019 | 18.12 | -8 | -144.96 | 0 | |
| HOL Fixed | 12/21/2019 | 12/27/2019 | 20.19 | 8 | 161.52 | 8 | 178.08 |
| Sick Pay | 12/21/2019 | 12/27/2019 | 18.12 | -16 | -289.92 | 0 | |
| Sick Pay | 12/21/2019 | 12/27/2019 | 20.19 | 16 | 323.04 | 0 | |
| Other | | | | | 2,339.10 | | 356.16 |
| **TOTAL:** | | | | | **4,012.67** | | **5,478.04** |

### TAXES

| **Description** | **Current** | **YTD** |
|---|---|---|
| OASDI | 248.79 | 339.64 |
| Medicare | 58.18 | 79.43 |
| **TOTAL:** | **306.97** | **419.07** |

| **BEFORE-TAX DEDUCTIONS** | | | **AFTER-TAX DEDUCTIONS** | | | **EMPLOYER PAID BENEFITS** | | |
|---|---|---|---|---|---|---|---|---|
| **Description** | **Current** | **YTD** | **Description** | **Current** | **YTD** | **Description** | **Current** | **YTD** |
| 401(k) Savings Plan | 120.39 | 164.36 | ESPP Period 1 | 25.00 | 50.00 | 401(k) Savings Plan ER | 120.39 | 164.36 |
| | | | | | | Basic Life ER | 0.59 | 1.18 |
| **TOTAL:** | **120.39** | **164.36** | **TOTAL:** | **25.00** | **50.00** | **TOTAL:** | **120.98** | **165.54** |

| | **TOTAL GROSS** | **FED TAXABLE GROSS** | **TOTAL TAXES** | **TOTAL DEDUCTIONS** | **NET PAY** |
|---|---|---|---|---|---|
| Current | 4,012.67 | 3,892.28 | 306.97 | 145.39 | 3,560.31 |
| YTD | 5,478.04 | 5,313.68 | 419.07 | 214.36 | 4,844.61 |

### NET PAY DISTRIBUTION

| **Payment Type** | **Account Type** | **Account Number** | **Amount** |
|---|---|---|---|
| | Direct Deposit | ******7831 | 3560.31 |
| **TOTAL:** | | | **3560.31** |

**MESSAGE:** #1 *Taxable Employer Paid Benefit<br>#2<br>#3

DEF000337